Michael W. Flanigan
WALTHER & FLANIGAN
1029 W. 3rd Ave., Ste. 250
Anchorage, Alaska, 99501
(907)-279-9999
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: A-03-190 CV (RRB) |
| ) | |
| CONTINENTAL CASUALTY CO. ) | **PLAINTIFF'S PETITION TO** |
| CNA GROUP LIFE ASSURANCE ) | **REOPEN CASE AND AWARD** |
| CO.; THE ACS GROUP ) | **ATTORNEYS AND COSTS** |
| DISABILITY INCOME ) | |
| INSURANCE PLAN ) | |
| Defendants ) | |
| _____ ) | |

This matter originally came to the court's attention as Plaintiff's ERISA action for review of a denial of LTD and Life Insurance Premium waiver benefits by CNA, the Claims Administrator of the ACS Disability Income Insurance Plan. After litigation of the issue, this Court ruled that the claimed benefits had been improvidently denied and remanded the matter back to the Claims Administrator for reconsideration. Plaintiff then moved for attorneys fees and costs and the Court determined that issue should be held in abeyance

Pl's Atty's Fees Motion         1
Holland v CNA et al.
Case No. A-03-190 (RRB)

until the benefit issues had been resolved conclusively. (Doc.93). Since the remand, Plaintiff has prevailed on her benefit claims which revolve around the issue of disability as follows:

      1. Following the remand by this Court, Plaintiff's counsel provided the claims administrator[1] with additional information on March 25, 2005, including a favorable social security disability decision, Holland's personal medical journal, and statements from her co-workers (Exhibit 1);
      2. On May 17, 2005, Plaintiff's counsel provided additional information and documents as requested by the claims administrator (Exhibit 2);
      3. On June 29, 2005, the claims administrator advised they had decided the disability issue in Plaintiff's favor, but limited her monthly amount to $161 per month (Exhibit 3);
      4. On July 22, 2005, Plaintiff administratively appealed the benefit amount attaching company documents reflecting a higher rate of pay that Plaintiff's employer had reported. (Exhibit 4).
      5. On September 16, 2005 this was followed up with a letter to Plaintiff's employer asking them to provide a verification of Plaintiff's actual earnings record. (Exhibit 5).
      6. On October 21, 2005, the claims administrator advised they had verified Plaintiff's higher earnings record and adjusted her LTD benefit up to $241.80, reflecting an offset for receipt of early pension benefits. (Exhibit 6).
      7. On October 24, 2005 Plaintiff's counsel appealed the benefit amount again arguing the offset for early pension benefits was improper since Plaintiff had only applied for same due to the lack of LTD benefits earlier, and Plaintiff wanted to discontinue same now that LTD benefits would be awarded in the proper amount. (Exhibit 7).
      8. On November 3, 2005, the claims administrator asked for information as to when early pension benefits would cease. (Exhibit 8).
      9. On December 6, 2005, after being advised by Plaintiff's union pension fund that benefits would cease, the claims administrator on 12/06 advised they needed the exact termination date. (Exhibit 9).
      10. On December 9, 2005, after being advised by Plaintiff's Union, that pension benefits would cease on 1/1/06, they advised Plaintiff's LTD benefits would be increased to $822 per month. (Exhibit 10).

---

[1] Who was now Hartford, since CNA's book of disability business had been acquired by Hartford

Pl's Atty's Fees Motion                      2
Holland v CNA et al.
Case No. A-03-190 (RRB)

Following the final decision on 12/9/05 to pay Plaintiff's LTD benefits at the full rate she was entitled to, Plaintiff's counsel applied to the claims administrator to pay Plaintiff's attorney fees and costs, providing copies of the Court's previous 12/29/04 ruling that Plaintiff would be permitted to Petition the Court for an award of attorneys fees and costs if Plaintiff prevailed, along with a copy of Plaintiff previous motion for attorneys fees which included a review of Ninth Circuit case law, and an updated Affidavit with an itemization of Plaintiff's attorneys fees and costs. (Exhibit 11).

On December 14, 2005, the claim administrator denied Plaintiff's request for payment of fees and costs, without stating a basis other than their belief that an ERISA claimant has to pay her own attorneys fees. (Exhibit 12). Plaintiff's counsel responded by appealing that decision and pointing out that Ninth Circuit law provided otherwise and that this court had ruled that Plaintiff was free to petition the court for attorneys fees and costs if Plaintiff prevailed on the benefits issues. (Exhibit 13).[2]

---

[2] Department of Labor regulations governing ERISA claims handling, require that in the case of ERISA disability claims, the claims administrator must respond to claimant appeals of decisions within 45 days, 29 CFR 2560.503-1(h)(4)(i)(3). The same regulations further provide that if an appeal is not decided within 45 days, the claimant will be deemed to have exhausted their administrative remedies and therefore entitled to pursue any available remedies under section 502 of the Act, 29 CFR 2560.503-1(L) As of today's date, Hartford has exceeded the 45 day period and

Pl's Atty's Fees Motion            3
Holland v CNA et al.
Case No. A-03-190 (RRB)

Therefore Plaintiff petitions this Court for an award of attorneys fees and costs. Such an award is warranted by the fact that the litigation of disability benefits as against the Plan under 1132(a)(1) & (a)(3) have been concluded and Plaintiff has prevailed, *Smith v. CMTA-IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir. 1984)(presumption in favor of awarding attorneys fees in successful ERISA claimants).

In an ERISA action by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 USC 1132(g). In this regard although the Ninth circuit has laid out five factors, to consider in awarding attorneys fees in ERISA matters, *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir. 1980):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.;

The same court in *Nelson v. EG & G Energy Measurements Grp.,* 37 F.3d 1384,1392 (9th Cir. 1994) held that since ERISA is remedial legislation

---

therefore, Holland has exhausted her administrative remedy regarding an award of attorney fees and costs.

Pl's Atty's Fees Motion                4
Holland v CNA et al.
Case No. A-03-190 (RRB)

which should be liberally construed, Section 502(g)(1), which authorizes awards of attorney fees should also be read broadly to mean that a plan participant or beneficiary, should normally be awarded attorneys fees if he prevails in a suit under § 1132 to enforce his rights under his plan:

> "As a general rule ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit….When this result is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummell*, 634 F.2d at 453".

Also see *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984)("absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant") & *McConnell v. MEBA Medical & Benefits Plan*, 778 F.2d 521, 525-526 (9th Cir. 1985)(in accord); *McElwaine v. US West, Inc.*, 176 F.3d 1167 (9th Cir. 1999):

> "(a) successful ERISA participant "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."

Therefore since it is now clear in this case that Plaintiff succeeded in obtaining the relief sought by a plan participant under §1132, Plaintiff is entitled to full attorneys fees and costs under §502(g)(1).

The Ninth Circuit has adopted the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), as

Pl's Atty's Fees Motion
Holland v CNA et al.
Case No. A-03-190 (RRB)

5

the proper method for determining the amount of attorney's fees in ERISA actions. See *McElwaine v U.S. West*, 176 F.3d 1167, 1173(9th cir. 2000); *D'Emanuele v Mongomery Ward & Co.,* 904 F.2d 1379, 1383(9th cir. 1990). The lodestar/multiplier approach has two parts. First, a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See *D'Emanuele,* 904 F.2d at 1383; *Hensley,* 461 U.S. at 433. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. See *Hensley*, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Id. at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. See *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings

Pl's Atty's Fees Motion
Holland v CNA et al.
Case No. A-03-190 (RRB)

6

by the lower courts that the lodestar amount is unreasonably low or unreasonably high. See *D'Emanuele,* 904 F.2d at 1384, 1386, *Van Gerwen v Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045(9th cir. 2000).

Here the claims Administrator is a very large company with the wherewithal to pay attorneys fees. Plaintiff's counsel's work in this case resulted in the denial of benefits being reversed, remanded and awarded. After review of the hourly submissions and costs, Plaintiff believes the Court will find that the hourly amounts requested are reasonable and should be granted.

Plaintiff's litigation counsel is asking for an hourly rate of $200 an hour based on 29 years of experience. $200 an hour has been previously held to a reasonable hourly rate for an ERISA plaintiff's attorney, *Van Gerwen v Guarantee Mut. Life Co.*, 214 F.3d 1041, 1048(9th cir. 2000). (see attached affidavit of counsel)

Based on the attached itemization of work and costs expended by Plaintiff's counsel, the court is requested to award attorneys fees and costs to Plaintiff's Counsel, Walther & Flanigan for litigation work in the amount of $25,800 in attorneys fees and $870.05 in costs, as well as the costs of prosecuting this motion.

DATED THIS 21st DAY OF April, 2006.

Pl's Atty's Fees Motion                   7
Holland v CNA et al.
Case No. A-03-190 (RRB)

        WALTHER & FLANIGAN
        Attorneys for Plaintiff
        KATHLEEN HOLLAND

        <u>s/ Michael W. Flanigan</u>
        1029 W. 3rd Ave., Ste 250
        Anchorage, Alaska, 99517-1014
        (907) 279-9999 Phone
        (907) 258-3804 Fax
        E-Mail: Waltherflanigan@cs.com
        Alaska Bar No. #7710114

**CERTIFICATE OF SERVICE**
I hereby certify that the above document was served via:
 (x)   First Class Mail
 ( )   Hand – Delivery
 ( )   Fax

to the following listed individuals:

Medora A. Marisseau
1601 5th Ave., Suite 2400
Seattle, WA 98101-1619

Date: 4/21/06  By:   MWF

Pl's Atty's Fees Motion
Holland v CNA et al.
Case No. A-03-190 (RRB)

8