Medora A. Marisseau SBA#412103
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130
E-Mail: medodra.marisseau@bullivant.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CONTINENTAL CASUALTY CO.; CNA GROUP LIFE ASSURANCE CO.; ALASKA COMMUNICATIONS SYSTEMS HOLDING, INC.; THE ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC. GROUP DISABILITY INCOME INSURANCE PLAN; THE ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC. GROUP LIFE INSURANCE PLAN,<br><br>　　　　　　Defendants. | No.: A-03-0190 CV (RRB)<br><br>OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES |

Page 1– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:　(206) 292-8930

## INTRODUCTION

This case involved plaintiff's claim for benefits under an ERISA[1]-governed plan. Alaska Communications is the plan sponsor and administrator, and Continental Casualty ("Continental") is the claims administrator. In August 2004, this Court denied the plaintiff's motion for summary judgment and remanded this case back to Continental, denied the plaintiff's motion for attorney's fees, and closed this case. During the remand, Continental further evaluated the case, and *voluntarily* approved the plaintiff's claim for benefits after soliciting and receiving additional medical information. Plaintiff now asks the Court to reopen this case and award her attorney's fees and costs. The motion should be denied because the Court lacks jurisdiction to resolve a dispute only as to attorney's fees, and because the plaintiff is not a prevailing party.

## CORRECT BACKGROUND

The plaintiff's motion incorrectly states the events of this case. The plaintiff brought this case seeking a review of Continental's decision regarding her eligibility for benefits under an ERISA-governed disability policy.[2] Each party moved for summary judgment, and Court denied both motions. The Court did *not* rule "that the claimed benefits had been improvidently denied," as the plaintiff now claims. (Petition at p.1.) To the contrary, the Court first granted Continental's motion for the application of the deferential standard of review. (Order Granting Motion for Application of Deferential Standard of Review, dated October 13, 2004.) The Court then denied the cross motions for summary judgment, including expressly *denying* the plaintiff's motion for summary judgment. (Order re Cross

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

[2] Continental has since transferred claims-administration responsibility for the plaintiff's policy to Hartford, which has since handled the claim administration. For convenience of reference, however, all references here are to Continental, the defendant and the company initially sued by the plaintiff.

Page 2– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

Motions, dated November 15, 2004, pp. 5–8.) Importantly, the Court concluded that plaintiff was not entitled to a substantive remedy but, rather, remanded the case to Continental for a new determination of her claim. (*Id.* pp. 7–8.) Despite this denial of her dispositive motion and remand to Continental, the plaintiff moved for an award of attorney's fees and costs. This motion was also denied. (Minute Order Denying Plaintiff's Motion for Attorneys Fees and Costs, dated December 29, 2004.)

On remand, Continental solicited additional information from the plaintiff, which she provided. (March 25, 2005 letter from M. Flanigan, and May 17, 2005 letter from M. Flanigan, attached as Exs. 1 and 2 to Plf's Motion.) After receiving this additional information, Continental then approved the plaintiff's claim for benefits. (June 29, 2005 letter from Hartford, attached as Ex.3 to Plf's Motion.) This approval was *voluntary* on Continental's part. Continental and the plaintiff exchanged additional information in the months that followed to ascertain the correct amount of her benefits, and Continental paid the plaintiff's past benefits and is paying her current benefits. (Exs. 4–10 to Plf's Motion.) No additional issues related to the plaintiff's claim for benefits were brought to this Court after the orders of late 2004.

## ARGUMENT AND AUTHORITY

1. **This Court Lacks Article III Jurisdiction to Decide an Issue Solely Concerning Attorney's Fees and Costs.**

The Court resolved this case in November 2004, remanded it to Continental, and closed the case. All disputes were resolved by Continental in the administrative proceedings following the Court's remand to Continental. Any controversy over the plaintiff's claimed entitlement to benefits is now moot. The only controversy that remains is one over her entitlement to attorney's fees.

The U.S. Supreme Court has held that when all substantive issues are moot, a federal

Page 3– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:    (206) 292-8930

court no longer has jurisdiction under Article III of the Constitution. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480-81 (1990). Specifically, an interest in attorney's fees "is, of course, insufficient to create an Article III case or controversy where none exist on the merits of the underlying claim." *Id.* at 480. Here, because the case or controversy presented by the plaintiff's original claim has now, by the voluntary act of Continental, been rendered moot, all that remains is her alleged claim for attorney's fees. That dispute over attorney's fees is insufficient to vest this Court with jurisdiction over the dispute. Consequently, the plaintiff's motion must be denied for lack of jurisdiction under Article III.

**2. The Plaintiff is Not Entitled to Attorney's Fees or Costs Because She Is Not a Prevailing Party in the Litigation.**

Under ERISA, attorney's fees and costs may be awarded to ERISA plan participants if they are a prevailing party *in the litigation*. The ERISA statutory section providing for attorney fees for prevailing parties states that fees may (in the court's discretion) be awarded "in any action." 29 U.S.C. § 1132(g). Cases evaluating whether an ERISA claimant should be awarded fees and costs in connection with an ERISA suit similarly require that the claimant prevail *in the litigation*. *See, e.g.*, *Flanagan v. Inland Empire Electrical Workers Pension Plan & Trust,* 3 F. 3d 1246 (9th Cir. 1993) ("Plaintiffs cannot recover fees under section 1132(g)(1) until they succeed on any significant issue *in litigation* which achieves some of the benefit they sought in bringing suit.") Similarly, costs are awarded under Federal Rule of Civil Procedure 54 only to a "prevailing party." Fed.R.Civ.Proc. 54(d).

The plaintiff here is not a "prevailing party" in this litigation: she did not succeed on any issue in this litigation. In the only contested issue that was decided by this Court — the applicable standard of review — the plaintiff lost. (Order Granting Motion for Application of Deferential Standard of Review, dated October 13, 2004.) On the other issues, the Court simply remanded the issue back to Continental. Courts have held that when a case is

Page 4– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

remanded to an administrator for a determination of benefits, as was the case here, an award of fees is not appropriate because neither party "prevailed." *Quinn v. Blue Cross and Blue Shield Assoc.,* 161 F. 3d 472 (7th Cir. 1998) (plaintiff who has only obtained a remand is "not a prevailing party"); *Kerkjof v. MCI Worldcom, Inc.,* 204 F. Supp. 2d 74 (D. Me. 2002) (ERISA plaintiff who achieved the equivalent of a "draw" was not entitled to attorney fees).

The plaintiff's argument that she is the "prevailing party" because, on remand, Continental approved her claim also fails. This voluntary action by Continental does not make the plaintiff a "prevailing party" in the litigation. The U.S. Supreme Court has held that prevailing-party attorney fees may not be awarded for such voluntary actions. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598 (2001). In *Buckhannon*, the plaintiffs sued under the federal Fair Housing Act, and in response to the suit, the defendant voluntarily changed its conduct to remedy the alleged violations. The Court clearly and squarely stated the issue before it: whether the term "prevailing party" "includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not." *Id.* at 600. The plaintiff here claims that because Continental approved her claim for benefits on remand, she is a "prevailing party." Continental's approval of her claim for benefits was not, however, the result of a judgment or a court-ordered consent decree. It was the result of Continental's *voluntary* decision, after requesting and receiving additional information from the plaintiff, to approve her claim. All of this happened outside of the context of the suit. Because the decision to approve her claim for benefits was one that was voluntary, she is not a "prevailing party" and therefore not entitled to attorney's fees and costs.

Page 5– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

**3.    The Plaintiff's Requested Fees Are Excessive, and Much of the Fees Related to Work During the Administrative Phases, Which Are Not Recoverable.**

The plaintiff is not entitled to recover her attorney's fees and costs at all, but if the Court does award fees and costs, the plaintiff is certainly not entitled to the amounts she requests.

**A.    Fees and Costs for Work During the Administrative Phases are Not Recoverable.**

A large percentage of the fees that the plaintiff seeks are for work by her attorney during the administrative phases of this dispute after this Court remanded it to Continental. The Court remanded the case to Continental in November 2004. The Declaration of Michael Flanigan in support of the plaintiff's motion describes work done since then, for a total of 18.75 hours. The Ninth Circuit made clear in 1993, and again in 2001, that attorney's fees are *not* recoverable for work done by a claimant's attorney during the administrative phases of an ERISA dispute. In 1993, the court affirmed a district court's denial of such fees, because the governing ERISA section only awards fees and costs associated with an "action" regarding ERISA benefits. *Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 316 (9th Cir. 1993); *see also Dishman v. Unum Life Insurance Co.*, 269 F.3d 974 (9th Cir. 2001) (relying on and discussing *Cann*). The *Cann* court interpreted the word "action" literally to mean a court action and limited the awards of fees under ERISA only to those incurred during such a proceeding. *Id.* at 316–317. Here, the attorney's fees that the plaintiff claims to have incurred after November 2004 all have to do with the administrative phase of this dispute. Her attorney's back-and-forth correspondence with Continental over the amount of her benefit and over certain offsets and reductions is exactly the kind of administrative phase work that the Ninth Circuit excluded from a fee award in *Cann*. If the plaintiff is awarded attorney's fees and costs in this matter, all attorney's fees and costs incurred after November 2004 should be excluded from the award.

Page 6– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:    (206) 292-8930

B.   **Plaintiff's Claimed Fees Are Excessive.**

Any fee award under ERISA must be "reasonable." 29 U.S.C. 1152(g). Moreover, the Local Rules require that a motion for attorney's fees "be accompanied by an affidavit that provides – (A) the total number of hours worked, (B) the amount charged to the client, if any, and (C) has attached as exhibits bills sent or other detailed itemization as may be appropriate." LR 54.3(a). This follows the well-established rule that "the party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In the absence of such evidence, "where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. As the Ninth Circuit explained, "The fee applicant has the burden of producing satisfactory evidence, *in addition to the affidavit of counsel*, that the requested rates are in line with those for similar services of the lawyers of reasonably comparable skill and reputation." *D'Emanuele v. Montgomery Ward & Co.,* 904 F. 2d 1379 (9th Cir. 1990) (emphasis added). "Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications." *Wegner v. Standard Ins. Co.,* 129 F. 3d 8114, 821 (5th Cir. 1997).

Here, plaintiff's lawyer has submitted nothing more than his own affidavit. (*See* plaintiff's counsel's Affidavit). The cryptic descriptions and bulk time entries that span several days do not provide information sufficient to analyze whether the hours were reasonably expended and in line with what would normally be expected for this type of case. For example, one description reads "8/23-27 Drafting Pl's Opp. To CNA's Mo for SJ" for 24 hours. This description provides no insight into what work was actually performed or when it was performed. Thus, it is impossible to determine whether this time was reasonably expended in this litigation based on these descriptions. Moreover, there is a total of 90.5 hours vaguely attributed to "SJ" motions, which appears unreasonable on its face, especially

Page 7– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:   (206) 292-8930

given the fact that plaintiff did not prevail on any issue on the motions for summary judgment.[3]  In addition, without adequate documentation showing what work was performed, it is impossible to determine whether the fees were actually expended in litigating the claim against Continental.  (The Court will recall substantial briefing and time the plaintiff expended in litigating an unsuccessful claim against ACS.  Plaintiff may be improperly trying to recoup those costs here.)

Plaintiff's motion for attorney fees includes costs of $870.05.  First, only a prevailing party is entitled to costs. F.R.Civ.P. 54(d), L.R.54.1; 28 U.S.C.§2412.  Since plaintiff is not a prevailing party, costs cannot be taxed against Continental. *Id.*  Furthermore, the Local Rules require a prevailing party to submit a cost bill that "must include (A) the statutory verification; (B) photocopies of invoices; (C) proofs of payment; and (D) other supporting documents as necessary or appropriate."  Plaintiff's request for costs must be denied because plaintiff has not any documentation supporting her alleged costs.  Moreover, the costs that can be taxed against a party are specifically enumerated in LR 54.1(e).  It does not include "in house copy charges" and "mediation expense."  Therefore, those costs cannot be taxed against an opposing party as plaintiff seeks to do here.

## CONCLUSION

Plaintiff's second motion for attorney's fees and costs should be denied because such a claim is insufficient to vest the Court with jurisdiction, because the plaintiff is not a prevailing party in the litigation, and because the plaintiff has not provided sufficient evidence documenting fees and costs incurred.  If, however, the Court awards attorney's fees and costs, any such award must exclude fees and costs incurred during administrative phases,

---

[3] It is also unreasonable on its face given that the briefing is nearly identical to the briefing submitted by plaintiff's counsel in *Copeland v. Continental Casualty Co.,* No. A-03-066 CV (JKS).

Page 8– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA  98101-1618
Telephone:     (206) 292-8930

including remand, must be significantly reduced to exclude time unreasonably spent, and to exclude costs for which the plaintiff may not recover.

DATED this 9th day of May, 2006.

BULLIVANT HOUSER BAILEY PC

/s/ Medora A. Marisseau
Medora A. Marisseau, SBN 0412103
E-mail: medora.marisseau@bullivant.com
Attorneys for Defendant CNA Group Life
Assurance Co.
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Michael W. Flanigan
Walther & Flanigan
1029 W. 3rd Ave., Ste. 250
Anchorage, AK 99517-1014

Bullivant Houser Bailey PC

By:/s/Sherry R. Vincent
Sherry R. Vincent
sherry.vincent@bullivant.com

3490684.1

Page 9– OPPOSITION TO SECOND MOTION FOR ATTORNEY FEES

Bullivant|Houser|Bailey PC
2300 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:    (206) 292-8930