Michael W. Flanigan
WALTHER & FLANIGAN
1029 W. 3rd Ave., Ste. 250
Anchorage, Alaska, 99501
(907)-279-9999
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: A-03-190 CV (RRB) |
| ) | |
| CONTINENTAL CASUALTY CO. ) | **PLAINTIFF'S REPLY TO** |
| CNA GROUP LIFE ASSURANCE ) | **CONTINENTAL'S OPPOSITION** |
| THE ACS GROUP ) | **TO PLAINTIFF'S MOTION TO** |
| DISABILITY INCOME ) | **REOPEN AND AWARD** |
| INSURANCE PLAN ) | **ATTORNEYS FEES AND COSTS** |
| Defendants ) | |
| _____ ) | |

## CONTINENTAL'S FACTUAL STATEMENT

Holland disagrees with Continental's description of the facts of this matter. When an ERISA beneficiary is denied benefits, the remedy is to appeal the denial to the U.S. District Court. Holland prosecuted just such an appeal and claimed that the evidence in the administrative record did not support a denial of LTD benefits to her. Despite the application by this court of the deferential "abuse of discretion" standard of review, this court nevertheless

Pl's Atty's Fees Reply Brief            1
Holland v CNA et al.
Case No. A-03-190 (RRB)

agreed with Holland that Continental's denial of LTD benefits could not be upheld, based on the administrative record, which did not support Continental's position. Although the court could have decided the issue de novo, it chose in its discretion instead to require Continental, on remand, to review the administrative record in light of the Court's comments.

However, as the supplemental record on remand submitted by Holland demonstrated, Continental did not change its position or agree to provide full benefits to Holland without considerable additional prodding by Holland's counsel. As a result of Holland's counsel's efforts, Holland has now prevailed on all substantive issues which she originally brought before this court, which required legal assistance given the highly technical nature of ERISA benefit appeals.

While Continental claims that it's decision to pay benefits was "voluntary", a more correct statement of fact would be that Continental was required by this Court's Order, obtained by Holland's counsel, to reconsider its denial and under threat of additional appeals before the court, finally agreed to pay Holland LTD benefits in an appropriate amount.

It should be without question, based on the record in this case, that such a decision would have never occurred without this suit and the subsequent work provided by Holland's counsel.

Pl's Atty's Fees Reply Brief        2
Holland v CNA et al.
Case No. A-03-190 (RRB)

# ARGUMENT

## I
## JURISDICTION

This court previously ruled in response to Holland's motion for attorneys fees, following this Court's Remand Order, that since Holland had not yet prevailed on the merits of her LTD claim, her motion for attorneys fees and costs was not ripe and she would have to wait until the outcome of the administrative remand was known.

The Court further ordered that Holland could reapply to the court at that time if she prevailed. In so doing this Court was essentially reserving jurisdiction on the attorneys fees and costs issue once the remand process was completed. The process of reserving jurisdiction over fees and costs in administrative appeal cases following remand was previously approved by the Supreme Court in *Sullivan v Hudson*, 490 U.S. 877, 891(1989)(court had jurisdiction to award attorneys fees in a social security case, after substantive disability benefit issues were determined in claimant's favor on remand before an administrative agency under the EAJA[1]).

*Lewis v Continental Bank, Corp.*, 494 U.S. 472, 480-481(1990), cited by Continental is far off point since that case did not concern whether the court

---

[1] Equal Access to Justice Act

Pl's Atty's Fees Reply Brief                3
Holland v CNA et al.
Case No. A-03-190 (RRB)

had jurisdiction to award fees and costs to a successful ERISA claimant following a court ordered remand. Rather that case involved a complaint by banks over regulatory decisions that was resolved by legislation while the case was on appeal. The Court in that case simply held that a party could not claim prevailing party status for the purpose of claiming attorneys fees and costs in an appeal proceeding, when the matter was determined by legislative action before the appeals court had made a decision. This is obviously the case since legislative action and not attorney advocacy caused the result. That precedent is therefore inapplicable to this case where attorney advocacy in fact can be credited with the result. Nor did the *Lewis* case in any manner restrict the previous holding in the *Sullivan* case.

## II
## HOLLAND PREVAILED IN THIS MATTER

Continental claims that Holland is not the prevailing party, because she did won her LTD benefits following a remand rather than before the Court. This argument has no merit because the litigation before this court was the cause of Continental being required by this court to reconsider on remand and as the supplemental record on remand demonstrates, Holland counsel work for Holland on remand had a significant result on the final outcome by marshalling additional evidence in support of Holland's claim and by convincing

Pl's Atty's Fees Reply Brief          4
Holland v CNA et al.
Case No. A-03-190 (RRB)

Continental that their initial benefit amount decisions were wrong. As this court correctly ruled previously in this case, the decision regarding attorneys fees and costs would have to await a decision on remand. That decision has now been rendered and the outcome is that Holland has been awarded LTD benefits just as she had requested in her suit before this court.

Prior Ninth Circuit decisions have held that "prevailing party" attorneys should be normally awarded to successful claimants under ERISA, *Smith v. CMTA-IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir. 1984)(presumption in favor of awarding attorneys fees in successful ERISA claimants); *Nelson v. EG & G Energy Measurements Grp.*, 37 F.3d 1384,1392 (9th Cir. 1994)(since ERISA is remedial legislation which should be liberally construed); *McElwaine v. US West, Inc.*, 176 F.3d 1167 (9th Cir. 1999).

Since it is unquestionably true that Holland has achieved her objectives in this suit and the Court ordered remand procedure, by obtaining an award of substantial LTD benefits, she should therefore be considered the prevailing party and awarded attorneys fees and costs.

This position is strongly supported by the Supreme Court's determination in an analogous situation, social security disability decisions. In this context the Supreme Court has held that a claimant is entitled to be considered the prevailing party and awarded attorneys fees under the EAJA if

Pl's Atty's Fees Reply Brief                5
Holland v CNA et al.
Case No. A-03-190 (RRB)

they prevail following a remand by the District Court to the administrative process, *Sullivan v Hudson*, 490 U.S. 877, 891(1989). In statute involved in that case, the EAJA, is closely analogous in purpose to the attorneys fees provisions set forth in ERISA, which is to encourage legal counsel to assist claimants in obtaining benefits secured by federal statutes.

A ninth circuit case, *Saffle v Sierra PacificPower Co., Bargaining Unit Long Term Disability Plan*, 85 F.3d 455, 461(9th cir. 1996) implicitly supports Holland's position. In that case the appellate court determined that the Plan Administrator had used the wrong criteria for determining disability and directed the district court to remand the matter back to the Plan Administrator to make an original decision using the correct criteria. As to the Beneficiary's request for attorneys fees, the court ruled that the motion was premature, implying that if the beneficiary succeeded on appeal, she could reapply, just as this court previously ruled in this case. The *Saffle* court's decision was contrary to Continental's position here, that a remand to the Plan Administrator removed any right to attorneys fees. *Flanagan v Inland Empire Electrical Workers Pension Plan & Trust*, 3 F.3d 1246(9th cir. 1993), cited by Continental is inapposite, since in that case the beneficiaries have not prevailed in their claims, although the court noted they could be awarded fees if they eventually prevailed upon remand.

Pl's Atty's Fees Reply Brief        6
Holland v CNA et al.
Case No. A-03-190 (RRB)

Furthermore, denying prevailing party status to Holland, after she succeeded in overturning the Plan Administrator's initial denial of benefits and forced a remand to the Administrator in which she prevailed, would be inconsistent with the remedial purpose of 29 USC 1132(g)(1), which is to afford successful claimants with reimbursement of their attorneys fees, so that the fruits of their endeavors, disability benefits, are not lost in paying their attorneys fees incurred in vindicating their rights, *Nelson v. EG & G Energy Measurements Grp.*, 37 F.3d 1384,1392 (9th Cir. 1994)(since ERISA is remedial legislation which should be liberally construed); *McElwaine v. US West, Inc.*, 176 F.3d 1167 (9th Cir. 1999):

> "(a) successful ERISA participant "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."

### III
### THE AWARDING OF FEES FOR POST REMAND WORK

Although Continental is correct that pre-litigation efforts in the Administrative Process cannot be the basis for an award of attorneys fees, *Cann v Carpenter's Pension Trust Fund*, 989 F.2d 313, 316(9th cir. 1993), no Ninth circuit case has determined whether attorneys fees and costs can be awarded for work before the Plan Administrator following a remand by the District Court. As previously noted the U.S. Supreme Court in an analogous

Pl's Atty's Fees Reply Brief         7
Holland v CNA et al.
Case No. A-03-190 (RRB)

social security case, *Sullivan v Hudson*, 490 U.S. 877, 891, 889-890(1989), ruled they were:

> We think the principles we found persuasive in *Delaware Valley* and *Carey* are controlling here. As in *Delaware Valley*, the administrative proceedings on remand in this case were "crucial to the vindication of [respondent's] rights." …no fee award at all would have been available to respondent absent successful conclusion of the remand proceedings, and the services of an attorney may be necessary both to ensure compliance with the District Court's order in the administrative proceedings themselves, and to prepare for any further proceedings before the District Court to verify such compliance. In addition, as we did in *Carey*, we must endeavor to interpret the fee statute in light of the statutory provisions it was designed to effectuate. Given the "mandatory" nature of the administrative proceedings at issue here, and their close relation in law and fact to the issues before the District Court on judicial review, we find it difficult to ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short. Indeed, the incentive which such a system would create for attorneys to abandon claimants after judicial remand runs directly counter to long established ethical canons of the legal profession. See American Bar Association, Model Rules of Professional Conduct, Rule 1.16, pp. 53-55 (1984). Given the anomalous nature of this result, and its frustration of the very purposes behind the EAJA itself, Congress cannot lightly be assumed to have intended it… Since the judicial review provisions of the Social Security Act contemplate an ongoing civil action of which the remand proceedings are but a part, and the EAJA allows "any court having jurisdiction of that action" to award fees…, we think the statute, read in light of its purpose "to diminish the deterrent effect of seeking review of, or defending against, governmental action," …permits a court to award fees for services performed on remand before the Social Security Administration. Where a court finds that the Secretary's position on judicial review was not substantially justified within the meaning of the EAJA…, it is within the court's discretion to conclude that representation on remand was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work

Pl's Atty's Fees Reply Brief
Holland v CNA et al.
Case No. A-03-190 (RRB)

8

performed in the administrative proceedings is therefore proper…
(citations omitted)

Using the *Sullivan v Hudson* decision as a touchstone, the Second Circuit has determined the award of attorneys fees and costs to an ERISA claimant should necessarily include those fees and costs expended in prosecuting the claimant's claim before the Plan Administrator on remand from the District Court, *Peterson v Continental Casualty*, 282 F. 3d 112, 122 (2d cir. 2002). There the court ruled that when a District Court Orders a remand to the Administrator, the Court necessarily retains jurisdiction to enforce its order and to award attorneys fees incurred during the administrative process the court has ordered.

This court is therefore requested to follow the decision in *Peterson v Continental Casualty, Co.,* relying in turn on the Supreme Court's decision in *Sullivan v Hudson* and award attorneys fees for the work done before the Plan Administrator on remand. As the Supreme Court so ably put in the *Sullivan* case, the claimant's attorneys fees and costs incurred in the civil action before this court would have been for naught unless her attorney continued the representation through the remand process, as the supplemental record on remand (see letters attached to Plaintiff's initial motion for attorneys fees) clearly demonstrates.

Pl's Atty's Fees Reply Brief
Holland v CNA et al.
Case No. A-03-190 (RRB)

9

# IV
# HOLLAND'S FEES WERE REASONABLE AND NECESSARY

*1. Claimant's time itemizations do not include any work done on ACS claims or litigation*

As Plaintiff's counsel made clear in his affidavit, none of the work itemized in the submitted billings were for work done on claims Holland maintained against ACS. That work was carefully excised out of the billing records since the ACS claims were separately settled with ACS.

*2. The amount of time spent on the litigation in this matter was necessary and reasonable.*

As the court is fully aware, this case involved a very large administrative record, which had to be carefully combed in order to present the actual facts of this matter to the court. The Disability Plan consisted of 31 pages, the Life Insurance Plan of 37 pages. Much litigation in this matter involved the interpretation of plan language. The Administrative record was 195 pages. Much of the Administrative record is medical records, which by their very nature are difficult to read and often require review of a medical dictionary or conferences with medical consultants to interpret. Furthermore, the medical record had to be cross referenced with the adjuster notes to determine if the adjuster was properly interpreting the record, and with the Plan language to determine if the adjuster was properly applying the plan language in light of

Pl's Atty's Fees Reply Brief          10
Holland v CNA et al.
Case No. A-03-190 (RRB)

the medical record. This case ultimately revolved around just such contra-positioning of the medical record and the plan language as determined by the court in its order in this matter.

Summary judgment motions on all issues were filed by both parties, indicating the both parties reasonably believed that procedural device was the best method of seeking resolution of this matter. And the parties were correct. The briefing resulted in a decision by the Court that narrowed the issues, reversed the denial of benefits and ordered the Plan Administrator to reconsider in light of the court's view of the plan language and facts of the case. The court's order, with the assistance of Holland's counsel, then ultimately led to the Plan Administrator's award of disability benefits to Holland, and after additional prodding by Holland's counsel, a correct benefit rate. Looking at the case from this vantage point, the summary judgment litigation was instrumental in resolving the matter since it obtained a court order that led to disability benefits being awarded. Absent the summary judgment motions, the parties would have had a "trial on the record", See *Kearney v. Standard Insurance Company*, 175 F.3d 1084,1094-1095 (9th Cir. 1998) which would have involved the very same type of briefing, and no doubt the same result.

Holland summary judgment briefing was heavily researched and peppered with record cites, that reflected a great deal of work on this matter.

Pl's Atty's Fees Reply Brief  11
Holland v CNA et al.
Case No. A-03-190 (RRB)

Both parties filed separate summary judgment motions, and Continental filed additional motions, thus necessitating multiple briefs on the issues before the court. Obviously this was a hard fought case and many hours were incurred by both parties. Although Continental criticizes the amount of time spent on this matter by Holland's counsel, Continental has provided no billing from their own counsel showing that they incurred significantly less attorneys fees than Holland, as one would expect them to do if they had such evidence.

Nor is the shorthand used in Holland's attorneys' billing records reason for denying the attorneys fees requested. The one example given, Drafting Pl's Opp. to CNA's Mo for SJ is easily discernable as Drafting Plaintiff's Opposition to CNA's Motion for Summary Judgment. Nor is more detail required. Drafting an Opposition brief requires review of the opposing brief, research of the record and of legal precedence all at the same time. Given the advent of computerized research all of these tasks are performed at the same time in the same spot in front of a computer, with the record laid open on one side of the desk, the opposing brief laid on the other side, and the computer running a word and research program simultaneously. In today's legal word that is drafting a brief. And yes in a complicated case such as this one, where the defendant is making many assertions mot supported by the record, it takes a

Pl's Atty's Fees Reply Brief    12
Holland v CNA et al.
Case No. A-03-190 (RRB)

long time to take each assertion one by one and review the record page by page to see if the assertion is supported by the record as a whole.

Nor does the fact that Holland's counsel was representing multiple ERISA claimants at the time detract from the billing records. Certainly Holland's counsel was trying to avoid duplicious work and in cases following Holland, used some of the legal reasoning developed in Holland to assist in creating briefs in following cases. But each ERISA case involved significantly different facts and an entirely different administrative records. Thus the bulk of the work in each case was combing the administrative records for facts supporting the claimants and disputing the Plan Administrator's assertions. At no time did Holland counsel bill two files for the same work, as apparently Continental implies. In actual practice the billing hours were lessened as claimant's counsel could reply on previous briefing to make a point. .

Therefore the Court is requested to hold that Plaintiff's award Holland her actual attorneys fees and costs as claimed in Holland's motion.

# V
# COSTS

Since Plaintiff is relying on an ERISA statute for the award of actual costs and fees, FRCP 54(d), and LR 54.1, and 28 USC 2412 limiting costs are not applicable. Therefore plaintiff contends the court is empowered to award

Pl's Atty's Fees Reply Brief        13
Holland v CNA et al.
Case No. A-03-190 (RRB)

actual costs directly under 29 USC 1132(g)(1). However, to the extent the Court disagrees on this point, since there is presently no Judgment, under LR 54.1, the time period for filing a Cost Bill has not yet started to run. Therefore, if the Court determines to award of attorneys fees is necessitated under 29 USC 1132(g)(1), the Court is requested to enter an Order granting Holland additional time to file a Cost Bill before the Clerk, since until such a ruling is made, there is no judgment to key the cost rule provisions of LR 54.1, and it is unlikely the Clerk would entertain a cost bill in any case until the Court makes an initial ruling that Holland is entitled to an award of costs and fees, since the previous ruling, still in effect states that Holland is denied attorneys fees and costs but that Holland may apply for same if she prevails on remand. Thus the Court has to make an initial ruling before the Clerk can act only any costs application.

DATED THIS 17th DAY OF MAY, 2006.

WALTHER & FLANIGAN
Attorneys for Plaintiff
KATHLEEN HOLLAND

s/ Michael W. Flanigan
1029 W. 3rd Ave., Ste 250
Anchorage, Alaska, 99517-1014
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

Pl's Atty's Fees Reply Brief     14
Holland v CNA et al.
Case No. A-03-190 (RRB)

**CERTIFICATE OF SERVICE**
I hereby certify that the above document was served via
(x) e-mail
( ) First Class Mail
( ) Hand – Delivery
( ) Fax

to the following listed individuals:

Medora A. Marisseau
1601 5th Ave., Suite 2400
Seattle, WA 98101-1619
e-mail: medora.marisseau@bullivant.com

Date: 5/17/06  By:   MWF

Pl's Atty's Fees Reply Brief            15
Holland v CNA et al.
Case No. A-03-190 (RRB)