IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND,<br><br>      Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY CO.; CNA GROUP LIFE ASSURANCE; THE ACS GROUP DISABILITY INCOME INSURANCE PLAN,<br><br>      Defendants. | Case No. 3:03-cv-0190-RRB<br><br>**ORDER GRANTING PETITION TO REOPEN CASE AND AWARD ATTORNEY FEES AND COSTS** |

**I.  INTRODUCTION**

      Before the Court is Plaintiff Kathleen Holland with a Petition to Reopen Case and Award Attorneys [Fees] and Costs at Docket No. 95.  The Petition is opposed at Docket No. 96.

**II. DISCUSSION/CONCLUSION**

      In light of: (1) <u>Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan</u>, 85 F.3d 455, 461 (9th Cir. 1996)(implying that if the beneficiary succeeded on appeal, she could reapply for attorneys fees); (2) <u>Peterson v. Continental Casualty Co.</u>, 282 F.3d 112, 122 (2nd Cir. 2002)("Where

the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, we hold that ERISA authorizes the award of associated costs.")(citing Sullivan v. Hudson, 490 U.S. 877, 891 (1989))[1]; and (3) the Court's previous order with reference to attorney fees (Docket No. 93)("Should Plaintiff prevail on the merits below, she may petition the Court to revisit the issue as appropriate."), the Court concludes that Plaintiff is the "prevailing party" in this matter and entitled to attorneys fees and costs.  The Court further concludes the demand of Plaintiff's counsel is reasonable.  Therefore, Defendants are hereby ordered to pay Plaintiff attorney fees in the amount of **$28,400** ($25,800 (Clerk's Docket No. 95-2 at 4) + $2,600 (Clerk's Docket No. 100 at 2)).

With respect to Plaintiff's demand for costs, Plaintiff shall submit a cost bill before the Clerk of Court on or before Friday, June 16, 2006.  Should Plaintiff fail to do the same, her request for costs shall be deemed waived.

ENTERED this 7th day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1]   While Peterson v. Continental Casualty, 282 F.3d 112 (2nd Cir. 2002) is not controlling, the Court finds it particularly persuasive.