Michael W. Flanigan
WALTHER & FLANIGAN
1029 W. 3rd Ave., Ste. 250
Anchorage, Alaska, 99501
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONTINENTAL CASUALTY CO. )<br>CNA GROUP LIFE ASSURANCE )<br>THE ACS GROUP )<br>DISABILITY INCOME )<br>INSURANCE PLAN )<br>Defendants )<br>_____ ) | Case No.: A-03-190 CV (RRB)<br><br>**PLAINTIFF'S REPLY TO**<br>**CONTINENTAL'S OPPOSITION**<br>**TO PLAINTIFF'S COSTS BILL** |

Plaintiff has requested the clerk award Plaintiff her filing fee as costs. Defendant complains that proof of the expense was not provided. This is because the court file already contains a copy of the receipt of Plaintiff's filing fee, lodged with the complaint. Nevertheless, Plaintiff provides an additional copy, attached hereto as Exhibit A

Pl's Reply Memo re: Bill of Costs        1
Holland v CNA et al.
Case No. A-03-190 (RRB)

Plaintiff has also requested the clerk award Plaintiff for "in house" copying costs. Defendant complains of the lack of documentation. Such documentation is contained on Plaintiff's attorney's copying machine, which displays the copies charged to each file, when that information is called up. However, because this case involved two separate sets of defendants, Plaintiff's counsel had to do a hand count based on file copies, to determine what copies were chargeable to the Continental Casualty (CNA) defendants, rather than the ACS defendants. The resulting hand count of 1,467 copies is far less that the copying machine print out of 5,010 (Exhibit B), which reflects not only the copying charges related to the ACS defendants but also work copies which the CNA defendants were not charged for. It should noted also that defendants have not voiced any objection to the reasonableness of the amount claimed. .

Plaintiff has also requested an award of her mediation expenses. Defendant has objected as to lack of documentation and claims that such expenses are not permitted under LR 54.1. The mediation expense receipt is attached hereto. (Exhibit C) As for the question of recoverability, Plaintiff has requested full attorneys fees and costs in this ERISA matter, under the fee shifting provisions of 29 USC 1132(g) which provides for actual reasonable costs and fees. Ninth Circuit precedence provides that actual costs and fees are

Pl's Reply Memo re: Bill of Costs         2
Holland v CNA et al.
Case No. A-03-190 (RRB)

the rule in ERISA cases, rather than partial fees and costs as awardable under the local rules, *Smith v. CMTA-IAM Pension Trust,* 746 F.2d 587, 590 (9th Cir. 1984); *Nelson v. EG & G Energy Measurements Grp.*, 37 F.3d 1384, 1392 (9th Cir. 1994); *McElwaine v. US West, Inc.*, 176 F.3d 1167 (9th Cir. 1999).

In similar cases, where mediation expenses were requested pursuant to a costs shifting statute, like 29 USC 1132(g), many federal courts have allowed mediation expenses to the prevailing claimant, *Hansen v. Deer Creek Plaza,* (S.D.Fla. 2006), Case No. 04-61208 (at page 13-14):

> Defendant also objects to the Court awarding Plaintiff the $325 he incurred for mediation services on the ground that such costs are not compensable under § 1920. The Court disagrees. Although mediation fees are not compensable under § 1920, they are compensable litigation expenses under the ADA. See *Clark v.Peco, Inc.,* No. 97-737-HU, 1999 WL 398012, *12 (D. Or. Apr. 16, 1999) (awarding mediation fee as an ADA litigation expense); see also *Robins,* 928 F. Supp. at 1036-1037 (interpreting 42 USC 12205 to allow recovery for "all necessary litigation expenses, so long as they are not overhead expenses absorbed by counsel"). Accordingly, the Court will allow Plaintiff to recover his $325 mediation fee.;

*Ellison v. GAB Robins, Inc.,* (N.M. 2006) Nos. CIV 02-127 MV/LFG, CIV 03-348 MCA/RLP.(at page 44)(allowing mediation expenses under the FSLA(Federal Labor Standards Act); *Bandera v. City of Quincy*, 220 F. Supp.2d 26, 51 (Mass. 2002)(allowing mediation expenses in a Title VII action); *Dumas v. Tyson Foods, Inc.*, Civil Action No. 93-C-2688-S (N.D.Ala. 2001)(awarding mediation expenses in a Title VII action).

Pl's Reply Memo re: Bill of Costs    3
Holland v CNA et al.
Case No. A-03-190 (RRB)

Although not controlling, these precedents provide persuasive reasoning for the award of mediation expenses under costs shifting statutes, since mediation is encouraged by the federal courts and a legitimate litigation expense for the claimant.

DATED THIS 21st DAY OF JUNE, 2006.

WALTHER & FLANIGAN
Attorneys for Plaintiff
KATHLEEN HOLLAND

s/ Michael W. Flanigan
1029 W. 3rd Ave., Ste 250
Anchorage, Alaska, 99517-1014
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

**CERTIFICATE OF SERVICE**
I hereby certify that the above document
was served via:
(x) E-MAIL
( ) First Class Mail
( ) Hand – Delivery
( ) Fax

to the following listed individuals:

Medora A. Marisseau
1601 5th Ave., Suite 2400
Seattle, WA 98101-1619
e-mail

Date: 6/21/06  By:  MWF

Pl's Reply Memo re: Bill of Costs       4
Holland v CNA et al.
Case No. A-03-190 (RRB)