Michael W. Flanigan
WALTHER & FLANIGAN
1029 W. 3rd Ave., Ste. 250
Anchorage, Alaska, 99501
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONTINENTAL CASUALTY CO. ) <br> CNA GROUP LIFE ASSURANCE ) <br> THE ACS GROUP ) <br> DISABILITY INCOME ) <br> INSURANCE PLAN ) <br> Defendants ) <br> _____ ) | Case No.: A-03-190 CV (RRB) <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S DENIAL OF MEDIATION FEES AS A COST ITEM AS REQUESTED BY PLAINTIFF** |

Plaintiff requested the clerk to award Plaintiff's mediation expenses of $500 as a cost item. The clerk denied that cost item as outside her discretion, Docket 108. Although the clerk did not have the discretion to award such fees, this court does have that authority under 29 USC 1132(g).

Pl's Costs Review Memo
Holland v CNA et al.
Case No. A-03-190 (RRB)

Plaintiff has already been awarded full attorneys fees under the fee shifting provisions of 29 USC 1132(g), which provides for actual reasonable costs and fees. Ninth Circuit precedence provides that actual costs and fees are the rule in ERISA cases, rather than partial fees and costs as awardable under the local rules, *Smith v. CMTA-IAM Pension Trust,* 746 F.2d 587, 590 (9th Cir. 1984); *Nelson v. EG & G Energy Measurements Grp.*, 37 F.3d 1384, 1392 (9th Cir. 1994); *McElwaine v. US West, Inc.*, 176 F.3d 1167 (9th Cir. 1999).

In similar cases, where mediation expenses were requested pursuant to a costs shifting statute, like 29 USC 1132(g), many federal courts have allowed mediation expenses to the prevailing claimant, *Hansen v. Deer Creek Plaza,* (S.D.Fla. 2006), Case No. 04-61208 (at page 13-14):

> Defendant also objects to the Court awarding Plaintiff the $325 he incurred for mediation services on the ground that such costs are not compensable under § 1920. The Court disagrees. Although mediation fees are not compensable under § 1920, they are compensable litigation expenses under the ADA. See *Clark v.Peco, Inc.,* No. 97-737-HU, 1999 WL 398012, *12 (D. Or. Apr. 16, 1999) (awarding mediation fee as an ADA litigation expense); see also *Robins*, 928 F. Supp. at 1036-1037 (interpreting 42 USC 12205 to allow recovery for "all necessary litigation expenses, so long as they are not overhead expenses absorbed by counsel"). Accordingly, the Court will allow Plaintiff to recover his $325 mediation fee.;

*Ellison v. GAB Robins, Inc.,* (N.M. 2006) Nos. CIV 02-127 MV/LFG, CIV 03-348 MCA/RLP.(at page 44)(allowing mediation expenses under the FSLA(Federal Labor Standards Act); *Bandera v. City of Quincy*, 220 F.

Pl's Costs Review Memo
Holland v CNA et al.
Case No. A-03-190 (RRB)

*Supp.2d 26, 51* (Mass. 2002)(allowing mediation expenses in a Title VII action); *Dumas v. Tyson Foods, Inc.*, Civil Action No. 93-C-2688-S (N.D.Ala. 2001)(awarding mediation expenses in a Title VII action).

Although not controlling, these precedents provide persuasive reasoning for the award of mediation expenses under costs shifting statutes, since mediation is encouraged by the federal courts and a legitimate litigation expense for the claimant.

DATED THIS 8th DAY OF AUGUST, 2006.

WALTHER & FLANIGAN
Attorneys for Plaintiff
KATHLEEN HOLLAND

s/ Michael W. Flanigan
1029 W. 3rd Ave., Ste 250
Anchorage, Alaska, 99517-1014
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

**CERTIFICATE OF SERVICE**
I hereby certify that the above document
was served via:
(x) E-MAIL
( ) First Class Mail
( ) Hand – Delivery
( ) Fax

to the following listed individuals:

Medora A. Marisseau
1601 5th Ave., Suite 2400

Pl's Costs Review Memo
Holland v CNA et al.
Case No. A-03-190 (RRB)

Seattle, WA 98101-1619
e-mail

Date: 8/8/06  By:   MWF

Pl's Costs Review Memo
Holland v CNA et al.
Case No. A-03-190 (RRB)