Medora A. Marisseau SBA#412103
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130
E-Mail:  medora.marisseau@bullivant.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND,<br><br>        Plaintiff,<br><br>  v.<br><br>CONTINENTAL CASUALTY CO.; CNA GROUP LIFE ASSURANCE CO.; ALASKA COMMUNICATIONS SYSTEMS HOLDING, INC.; THE ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC. GROUP DISABILITY INCOME INSURANCE PLAN; THE ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC. GROUP LIFE INSURANCE PLAN,<br><br>        Defendants. | No.: A-03-0190 CV (RRB)<br><br>RESPONSE TO PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S DENIAL OF MEDIATION FEES AS A COST ITEM REQUESTED BY PLAINTIFF |

## INTRODUCTION

Plaintiff's request for mediation costs should be denied.  Quite simply, there is no authority for an award of mediation costs in this situation, and Plaintiff offers none.

RESPONSE - MEDIATION FEES
**Page 1**

1.     **No Statutory Basis**

Under the Employee Retirement Income Securities Act, 29 U.S.C. § 1001, et seq.,

("ERISA"), attorney's fees and costs may be awarded to a prevailing plan participant or

beneficiary, but nowhere in the applicable statute is there a reference to recovery of

mediation expenses:

> (g)     Attorney's fees and costs; awards in actions involving
> delinquent contributions
>
> (1) In any action under this subchapter (other than an
> action described in paragraph (2)) by a participant, beneficiary,
> or fiduciary, the court in its discretion may allow a reasonable
> attorney's fee and costs of action to either party.

29 U.S.C. 1132.  Likewise, under this Court's local rules, only certain disbursements

identified in a comprehensive list are recoverable as taxable costs.  Mediation expenses are

not among them:

> (e) Taxable Costs. Taxable costs, as set forth by statute with the
> following clarifications, include:
>
> (1) Clerk's and Marshal's Fees.
>
>> [A] Clerk's and Marshal's fees allowable by
>> statute;
>>
>> [B] fees for the service of process not served by
>> the Marshal; and
>>
>> [C] expenses of caring for property attached,
>> replevied, libeled or held pending stay of
>>
>> execution.
>
> (2) Trial Transcripts.
>
>> [A] The costs of the originals furnished the court
>> of a trial transcript, a daily transcript or of a
>> transcript of matters prior or subsequent to trial
>> are taxable when either requested by the court or
>> prepared under a stipulation. Mere acceptance by
>> the court does not constitute a request.
>>
>> [B] Copies of transcripts for counsel's use are not
>> taxable in the absence of a special order of court.

RESPONSE - MEDIATION FEES
**Page 2**

(3) Deposition costs. The reporter's charge for a deposition used, including an audio-visual deposition if ordered by the court or stipulated to by the parties, is taxable.

[A] On a taxed deposition the reasonable expenses of the deposition reporter and the notary or other official presiding at the taking of the deposition are taxable, including travel and subsistence;

[B] all postage costs are taxable;

[C] fees for the witness at the taking of the deposition are taxable at the same rate as for attendance at trial and the witness need not be under subpoena; and

[D] a reasonable fee for a necessary interpreter at the taking of the deposition is taxable.

(4) Witness Fees, Mileage, and Subsistence.

[A] The rate of witness fees, mileage, and subsistence is fixed by 28 U.S.C. § 1821 and are taxable even though:

(i) the witness does not take the stand, provided the witness necessarily attends court;

or

(ii) the witness attends voluntarily upon request and is not under subpoena.

[B] if travel is by common carrier, witnesses are entitled to the cost of the most economical accommodations available, including jet coach for travel in Alaska and outside Alaska in proceeding to or from Alaska.

[C] Receipts or other evidence of actual payment will be furnished whenever practicable.

[D] Witness fees and subsistence are taxable only for the reasonable period during which the witness was within or without the district.

(i) Subsistence to the witness is allowable if the distance from the court to the residence of the witness is such that

RESPONSE - MEDIATION FEES
**Page 3**

Bullivant|Houser|Bailey PC

1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

mileage fees would be greater than subsistence fees if the witness were to return to his residence from day to day.

(ii) If the witness appears on the same day in related cases requiring his appearance in the same court, one set of fees is taxable—the single set as taxed to be divided equally among the related cases.

[C]

(i) Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually.

(ii) Fees of expert witnesses are not taxable in a greater amount than statutorily allowable for ordinary witnesses, except compensation for a court-appointed expert paid by the parties as ordered and directed by the court as a taxable cost.

(iii) Allowance of fees to a witness on a deposition does not depend on whether or not the deposition is admitted into evidence.

[D] The reasonable fee of a competent interpreter or translator is taxable if the fee of the witness involved is taxable.

LR 54.1. There is no basis to support Plaintiff's argument or request.

**2.     No Basis in Case Law**

Plaintiff cites no cases in the Ninth Circuit, and indeed no cases anywhere, that include mediation costs as taxable costs to a prevailing beneficiary or participant under ERISA.  The Ninth Circuit cases he cites dealt specifically with a plan beneficiary or participant's right to recover *attorney fees*, not mediation expenses.  Plaintiff refers to a handful of cases outside this Circuit that have allowed recovery of mediation expenses under different statutes and in different types of cases, namely cases brought under the Americans with Disabilities Act, the Fair Labor Standards Act, and Title VII of the Civil Rights Act.

RESPONSE - MEDIATION FEES
**Page 4**

These acts provide for different causes of action for different harms than does ERISA, and Plaintiff makes no effort to explain why their standards for awarding costs should be imported into ERISA.

**3.    Awarding Mediation Expenses Would Discourage Mediation.**

Finally, it is the policy of this court and this state to encourage informal dispute resolution, including mediation. Imposing those costs on one of the parties when mediation is unsuccessful will only serve to deter parties from entering such mediation. If participating in mediation will only serve to increase a party's risk, any party faced with the choice of mediation will have an additional incentive to not do so.

## CONCLUSION

Plaintiff's motion to recover mediation expenses should be denied.

DATED:  August 24, 2006

BULLIVANT HOUSER BAILEY PC


/s/ Medora A. Marisseau
Medora A. Marisseau, SBN 0412103
E-mail: medora.marisseau@bullivant.com
Attorneys for Defendants Continental Casualty
Co., CNA Group Life Assurance Co.
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:
Michael W. Flanigan
Walther & Flanigan
1029 W. 3rd Ave., Ste. 250
Anchorage, AK  99517-1014

Bullivant Houser Bailey PC

By:/s/Sherry R. Vincent
    Sherry R. Vincent
    sherry.vincent@bullivant.com

3504043.1

**RESPONSE - MEDIATION FEES**
**Page 5**