Michael W. Flanigan
WALTHER & FLANIGAN
1029 W. 3rd Ave., Ste. 250
Anchorage, Alaska, 99501
(907)-279-9999
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN HOLLAND, | ) |
| | ) Case No.: A-03-190 CV (RRB) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) **PLAINTIFF'S REPLY TO** |
| | ) **DEFENDANT'S OPPOSITION** |
| CONTINENTAL CASUALTY CO.; et.al. | ) **TO PLAINTIFF'S MOTION** |
| | ) **FOR REVIEW OF CLERK'S** |
| Defendants, | ) **DENIAL OF MEDIATION FEES** |
| _____) | |

Contrary to the argument of Defendant, the Ninth Circuit law holds that awards of costs and fees in ERISA actions are governed by the full compensation scheme embodied in 29 USC 1132(g), which is a cost shifting statute similar in purpose and wording to the cost shifting statutes contained in the ADA, FLSA and Title VII federal statutes, referred to in the cases cited by Plaintiff.

Although Plaintiff could find no ERISA cases dealing with an award of mediation expenses as costs under 29 USC 1132(g), the cases cited by Plaintiff awarding mediation expenses under the cost shifting provisions of the ADA, FLSA and Title VII, strongly indicate that such expenses are awardable under any federal cost shifting statute, such as ERISA's 29 USC 1132(g). Significantly, Defendant cited

no cases to the court refusing an award of mediation expenses under a Federal cost shifting statute.

The cases cited previously by the Plaintiff are consistent with the purpose behind such cost shifting statues, which is to avoid the claimant having to pay for the costs of litigation when they are shown to be entitled to the relief sought, so that they may actually recover the benefits provided for under the federal statute. Thus as between a disabled worker who had to fight long and hard to win her meager disability benefits and an insurer who controls vast sums to pay claims, it is consistent with the Federal Cost shifting statute for the insurer to pay the actual costs of the disabled workers litigation expenses.

In modern litigation efforts, mediation and the expenses they entail are a regular part of litigation practice, which is encouraged by the courts. As such they are no different than any other litigation expense which is normally incurred. The cases cited by Plaintiff recognize this fact of modern litigation and according award such expenses to claimants in the presence of federal cost shifting statutes. This court is requested to follow the reasoning of these cases as sound and persuasive.

Contrary to the argument of Defendant, awarding mediation expenses to the successful claimant will no more deter the practice of mediation, than the awarding of other litigation costs deters their being incurred. Only when the defendant fails to reasonably settle a case, such as in this case, will they we faced with paying the claimant's mediation expenses. Thus the awarding of mediation expenses to the claimant would appear to encourage a reasonable settlement, not deter it. The

awarding of the claimant's mediation expenses in a case where the defendant has failed to reasonably settle a case before hand is fair and just . Therefore, Claimant requests this court review the clerk's cost award and add to that award, the $500 in mediator expenses requested by the claimant.

DATED THIS 28th day of August, 2006.

WALTHER & FLANIGAN
ATTORNEYS FOR PLAINTIFF

s/ Michael W. Flanigan
1029 W. 3rd Ave., Ste 250
Anchorage, Alaska, 99517-1014
(907) 279-9999 Phone
(907) 258-3804 Fax
E-Mail: Waltherflanigan@cs.com
Alaska Bar No. #7710114

**CERTIFICATE OF SERVICE**
I hereby certify that the above document was served via
(x) e-mail
( ) First Class Mail
( ) Hand – Delivery
( ) Fax

to the following listed individuals:

Medora A. Marisseau
1601 5th Ave., Suite 2400
Seattle, WA 98101-1619
e-mail: medora.marisseau@bullivant.com

Date: 8/28/06  By:   MWF